*728 MEMORANDUM **
Patrick Mburu, a native and citizen of Kenya, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) denial of asylum, withholding of removal and relief under the Convention Against Torture (“CAT”). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.
The facts of the case are known to the parties, and we do not repeat them below.
Mburu argues that the IJ’s decision contains numerous legal and factual errors. The BIA, however, “conducted its own review of the evidence and law rather than simply adopting the immigration judge’s decision. Accordingly, our review is limited to the BIA’s decision, except to the extent the IJ’s opinion is expressly adopted.” Hosseini v. Gonzales, 471 F.3d 953, 957 (9th Cir.2006) (internal quotation marks omitted).
To the extent Mburu argues that the BIA’s decision contains the same errors, his argument lacks merit. Substantial evidence supports the BIA’s finding that Mburu did not suffer harm rising to the level of past persecution on account of a protected ground. “Persecution is an extreme concept that means something considerably more than discrimination or harassment.” Donchev v. Mukasey, 553 F.3d 1206, 1213 (9th Cir.2009) (internal quotation marks omitted). The record does not compel the conclusion that the past harm suffered by Mburu, even in the aggregate, rises to this extreme level. See id. (“[Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude the eontrary.” (internal quotation marks omitted)).
Substantial evidence similarly supports the BIA’s finding that Mburu failed to otherwise demonstrate a well-founded fear of future persecution. The isolated threats and minor harassment of Mburu and his family fail to compel a finding that he established an objectively reasonable well-founded fear. See id. (“Only subjectively genuine and objectively reasonable fears of persecution are eligible for relief.”).
The BIA properly denied withholding. See Pedro-Mateo v. INS, 224 F.3d 1147, 1150 (9th Cir.2000) (“A failure to satisfy the lower standard of proof required to establish eligibility for asylum therefore necessarily results in a failure to demonstrate eligibility for withholding....”). The BIA also properly denied Mburu’s CAT claim that was based upon the same evidence.
PETITION FOR REVIEW DENIED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.